Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| BETTY GONZÁLEZ DONES<br><br>Recurrida<br><br>v.<br><br>SARA ESTHER RIVERA PEÑA Y OTROS<br><br>Peticionarios | TA2025CE00244 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso núm.: JU2023CV00238 (404)<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de agosto de 2025.

El Tribunal de Primera Instancia ("TPI") denegó una moción de desestimación predicada en que, al presentarse inicialmente la demanda, no se incluyeron como partes a los posibles herederos de una parte indispensable. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con la decisión recurrida, pues los posibles herederos fueron, durante el trámite del caso, válidamente incluidos como partes en este caso.

I.

En agosto de 2023, la Sa. Betty González Dones (la "Viuda") presentó la acción de referencia, sobre división y liquidación de

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202401203, KLCE202400109 y KLCE202400717).

comunidad de bienes hereditarios (la "Demanda"), en contra de los integrantes de la sucesión del Sr. Crescencio Rivera Ortiz (el "Causante")[2]. Alegó que, al fallecer en el 2023, el Causante era su esposo, con quien estuvo casada por 32 años, y que los demandados eran hijos del Causante y de una esposa anterior (Esperanza Peña Díaz). En lo pertinente, afirmó que debía partirse, como parte del caudal del Causante, una finca en Canóvanas (la "Finca").

A finales de mayo de 2024, los demandados presentaron una moción de desestimación (la "Primera Moción"). Señalaron que, de la escritura de 1981 mediante la cual el Causante adquirió la Finca (la "Escritura"), surgía que, junto con este, también la adquirió la Sa. Pura Meléndez Castro (la "Anterior Esposa"). Arguyeron que la Anterior Esposa era, por tanto, una parte indispensable. También adujeron que debía notificarse del pleito al Secretario de Agricultura, en atención a unas restricciones que constan en la Escritura en cuanto a su posible enajenación.

La Viuda se opuso a la Primera Moción. Planteó, en primer lugar, que la Anterior Esposa no era una parte indispensable, pues ella falleció en el 2007, lo cual era de conocimiento de los demandados. En segundo lugar, señaló que ni el Departamento de Agricultura ni la Administración de Terrenos (las "Agencias") podrían tener interés alguno en el pleito pues de la Escritura surge que las restricciones en cuanto a enajenación solo subsistían por cinco años luego de la otorgación de la Escritura en 1981.

Mediante una Resolución notificada el 11 de julio de 2024 (el "Primer Dictamen"), el TPI denegó la Primera Moción y ordenó a los demandados mostrar causa por la cual no se le debían imponer sanciones económicas "por brindar información incorrecta al Tribunal". Mediante una Orden notificada el 9 de septiembre, el TPI

---

[2] Andrés, Sara, Lilliam, Amarilys, Estrella, José, Miguel y Luis, todos de apellido Rivera Peña; en conjunto, los "Hijos".

le impuso una sanción a los demandados de $200.00 por no haber cumplido con su obligación ética de informar al tribunal que la Anterior Esposa había fallecido. Además, ordenó a las partes a que sometan "los nombres completos de los posibles herederos [de la Anterior Esposa], sus direcciones, teléfonos y correos electrónicos", disponiendo además que, "de no tener dicha información, en el mismo término [debían] informar lo propio".

Luego de varios trámites, el 2 de abril de 2025, la Viuda sometió una enmienda a la Demanda con el fin de incluir como demandados a los posibles herederos de la Anterior Esposa y, en cumplimiento con una orden del TPI, también a los cónyuges de los Hijos. La solicitud de enmienda a la Demanda fue autorizada por el TPI.

En cuanto a los posibles herederos de la Anterior Esposa, por desconocerse si existen, se denominaron como Fulano y Zutano, "como posibles herederos" de la Anterior Esposa. La Viuda solicitó, y el TPI autorizó, que se emplazaron a estos por edicto.

El 3 de junio, los Hijos presentaron otra moción de desestimación (la "Segunda Moción"). Plantearon que, en el 2023, al presentarse inicialmente la Demanda, no se había incluido a la Anterior Esposa (o sus posibles herederos), ni a los cónyuges de los Hijos. Insistió en que tampoco se había notificado a las Agencias de la Demanda.

Aunque reconocieron que la Demanda se había enmendado, precisamente, para incluir a los posibles herederos de la Anterior Esposa, así como a los cónyuges de los Hijos, arguyeron que ello "no subsana la falta de jurisdicción *in personam*, por el hecho de que no fueron traídas dentro del término de 120 días de presentada la reclamación original el 24 de agosto de 2023, ya que dicho término no es prorrogable".

El 8 de julio, la Viuda se opuso a la Moción. Resaltó que ya se había cumplido con incluir a los posibles herederos de la Anterior Esposa, ello a pesar de que los Hijos conocen que dichas partes en realidad no existen, pues la Anterior Esposa no tuvo hijos. Señaló que el asunto relacionado con las Agencias había sido ya resuelto por el TPI. Sostuvo, en cuanto a los cónyuges de los Hijos, que se emplazarían dentro del término de 120 días desde que se expidieron los emplazamientos correspondientes.

Mediante una Resolución notificada el 9 de julio de 2025 (el "Segundo Dictamen"), el TPI denegó la Segunda Moción.

Inconforme, el 4 de agosto, los demandados presentaron el recurso que nos ocupa. En esencia, reproducen lo expuesto en la Segunda Moción. Plantean que, dentro del término de 120 días desde la presentación de la Demanda en el 2023, la Viuda no había incluido como partes (y emplazado) a la Anterior Esposa (o sus herederos). Arguyen que tampoco se "traj[eron] al pleito los poseedores de las edificaciones … que enclavan" en la Finca. Sostienen que el Secretario del Departamento de Agricultura debió ser notificado de la Demanda "como una parte no indispensable". Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una

solución justiciera.  *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari.*  Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo.  No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, según enmendado en *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 2025 TSPR _____, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Hemos determinado, en el ejercicio de nuestra discreción, no intervenir con lo actuado por el TPI. Veamos.

Contrario a lo que plantean los Hijos, no estamos ante la ausencia de parte indispensable alguna.[3] Adviértase que, tal como lo solicitaron los propios Hijos, se enmendó la Demanda para incluir a los posibles herederos de la Anterior Esposa como partes demandadas, y está en trámite su emplazamiento por edicto. Contrario a lo que arguyen los Hijos, el término de 120 días para emplazar por edicto a dichas partes no ha expirado, pues no fue sino hasta el 9 de julio de 2025, que el TPI notificó que había autorizado la solicitud de emplazar por edicto, la cual se presentó oportunamente.

Por otra parte, no tiene mérito alguno el planteamiento de los Hijos en cuanto a que era necesario notificar a las Agencias sobre la Demanda. En este caso no se plantea asunto alguno sobre enajenación de la Finca; únicamente está en juego su titularidad a raíz del fallecimiento del Causante. En cualquier caso, de la Escritura claramente surge que cualquier derecho que podrían tener las Agencias en la Finca expiró hace varias décadas.[4]

En fin, del récord no surge que el TPI actuase movido por prejuicio o parcialidad. Tampoco se desprende que incurriera en un

---

[3] De hecho, si acaso, han sido incluidos como demandados personas cuya presencia no es necesaria en un pleito de esta naturaleza. En efecto, por tratarse de un pleito sobre herencia, no está claro qué interés justiciable puedan tener los cónyuges de los Hijos en el resultado del mismo.

[4] Tampoco tienen razón los Hijos cuando sugieren que los "poseedores" de ciertas edificaciones en la Finca son parte indispensable. Por tratarse de una acción sobre la debida titularidad de la Finca, los referidos "poseedores" no tienen interés justiciable alguno en el resultado del caso.

craso abuso de discreción o se equivocara en la interpretación o aplicación de una norma procesal o sustantiva de derecho.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones